**Slip Op. 05-26**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                              :
NSK LTD. and NSK CORPORATION;                 :
NTN CORPORATION,                              :
NTN BEARING CORPORATION OF AMERICA,           :
AMERICAN NTN BEARING                          :
MANUFACTURING CORPORATION,                    :
NTN DRIVESHAFT, INC. and                      :
NTN-BOWER CORPORATION; and                    :
TIMKEN U.S. Corporation,                      :
                                              :
          Plaintiffs and          :   Consol. Court No.
          Defendant-Intervenors,  :   98-07-02527
                                              :
          v.                      :
                                              :
UNITED STATES,                                :
                                              :
          Defendant,              :
                                              :
KOYO SEIKO CO., LTD. and                      :
KOYO CORPORATIONS OF U.S.A.; and              :
NACHI-FUJIKOSHI CORP.,                        :
NACHI AMERICA, INC. and                       :
NACHI TECHNOLOGY, INC.,                       :
                                              :
          Defendant-Intervenors.  :
_____:

## ORDER

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in NSK Ltd. v. United States, 390 F.3d 1352 (Fed. Cir. 2004), and the CAFC mandate of January 24, 2005, vacating and remanding the judgment of the Court in NSK Ltd. v. United States, 28 CIT ___, 217 F. Supp. 2d 1291 (2004).[1]

---

[1]     This action was brought by The Torrington Company that was later acquired by The Timken Company, and is now known as Timken U.S. Corporation.  The Court refers to plaintiff and defendant-intervenor as Timken U.S. Corporation in the caption.

The CAFC held that the United States Department of Commerce's ("Commerce") classification of United States repacking expenses incurred by NSK Ltd. and NSK Corp. (collectively "NSK") as selling expenses was arbitrary. The CAFC reasoned that Commerce's classification of these expenses is internally inconsistent with Commerce's classification of United States warehousing expenses and United States warehouse-to-customer-shipping expenses as movement expenses. See NSK Ltd., 390 F.3d at 1357. The CAFC found that Commerce failed to sufficiently explain these inconsistencies. See id. at 1357-58. Accordingly, pursuant to said decision by the CAFC, the Court hereby

**REMANDS** this case to Commerce to revisit its classification of United States repacking expenses as selling expenses and provide an explanation for the inconsistent treatment of United States repacking, United States warehousing, and United States Shipping from warehouse to customer expenses; and its hereby

**ORDERED** that the remand results are due within ninety (90) days of the date that this order is entered. Any responses are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days after the date the responses or comments are due.


      /s/ Nicholas Tsoucalas
        NICHOLAS TSOUCALAS
          SENIOR JUDGE


Dated:     February 18, 2005
           New York, New York